State of Louisiana vs. Potter and Muller.

---

## No. 8254.

THE STATE OF LOUISIANA VS. J. W. POTTER AND D. J. MULLER.

| | |
|---|---|
| 33 | 795 |
| 51 | 694 |
| 33 | 795 |
| 52 | 1255 |
| 33 | 795 |
| 106 | 269 |

This Court cannot review a criminal case on appeal, when the Transcript contains no bill of exceptions, no motion in arrest of judgment and no assignment of errors, and there is no defect in the proceedings patent on the face of the record.

APPEAL from the Criminal District Court for the parish of Orleans. *Luzenburg*, J.

---

*J. C. Egan*, Attorney General, for the State, Appellee:

Questions of law in criminal cases are reviewable by this Court only when they come up by bills of exceptions or assignments of error.

*L. Marrero* for Defendants and Appellants:

First—It is not essentially necessary that questions should be brought before this honorable Court on bills of exceptions or assignment of errors to authorize its interference. The court can take cognizance of all errors patent on the record. State vs. Krepple et al., 20 An. 402.

Second—The description of the property stolen must be certain, specific and minute, in order to validate the information. Whart. C. C. 1869 and 89 ; Whart. Prec. 190 ; 2 Hale, 180 ; Arch. C. P. 45.

Third—The name of the owner of the property stolen is essential to the validity of the information. Whart. C. C. § 1823 ; 2 Hale, 181, etc. ; Unger vs. State, 42 Miss. 642.

Fourth—The information should have been made, and the accused prosecuted under a special statute and not for petty larceny. Rev. Stat. 3685.

---

The opinion of the Court was delivered by

BERMUDEZ, C. J. On a charge of petty larceny, the defendants were tried, convicted and sentenced to hard labor, for one year in the State Penitentiary.

From the judgment and sentence they have appealed.

The transcript contains no bill of exception, or motion in arrest of judgment, or assignment of errors. We discover no defect patent on the face of the record.

The objections raised in the brief, even if properly presented, would be untenable. 32 An. 1020.

Judgment affirmed